## WARREN HUNT & another *vs.* LYDIA HUNT, Executrix.

At the end of a will, duly executed and attested, containing many gifts and bequests, including some to the testator's children of notes which he held against them, but containing no residuary clause, the following clause was added, also duly executed at the same time and attested by the same witnesses: " N. B. I have not property sufficient to pay all my just debts and all the foregoing legacies in full, it is my intention and will that the several legatees shall receive in exact proportion to the several sums given to each legatee; and if my estate shall amount to more than is sufficient to pay the several legacies, it is *my intention and will that the* several legatees shall receive an additional sum, to be duly apportioned according to the foregoing sums, in such manner as to include my whole estate." *Held,* that this clause was to be deemed part of the will; and that the whole of the testator's property, real as well as personal, not otherwise specifically disposed of, was to be apportioned among the legatees, in proportion to the amounts of their legacies, including the notes given to them.

APPEAL by two sons and heirs at law from a decree of the judge of probate for the county of Franklin, authorizing the executrix of the will of Gardner Hunt, late of New Salem, to sell the whole of his real estate for the payment of debts and legacies.

The disposing part of said will commenced as follows : " As to my worldly estate, I hereby dispose of the same in the manner following, viz." Then followed a bequest of money, furniture and other personal property, to his wife ; a devise of a farm in Athol to his oldest son ; " gifts and bequests " of furniture to each of his daughters, adding, " having given her her portion " ; to one of his sons in law of " a certain note, which I hold against him, and ten dollars ; " to each of his four younger sons of a different sum of money, " and all the notes I hold against him ", to the children of a deceased son of money, and to his widow " the notes I hold against her "; and of money to a religious society. And the testator's wife was appointed executrix of the will. The will was duly executed in the usual form, in the presence of three witnesses ; and immediately after the execution was added the following clause, signed and sealed by the testator, at the same time, and attested and certified by the same witnesses: " N. B. I have not property sufficient to pay all my just debts and all the foregoing legacies in full, it is my intention

and will that the several legatees shall receive in exact proportion to the several sums given to each legatee; and if my estate shall amount to more than is sufficient to pay the several legacies, it is my intention and will that the several legatees shall receive an additional sum, to be duly apportioned according to the foregoing sums, in such manner as to include my whole estate."

The case was submitted to the decision of this court upon the will of Gardner Hunt, and the following statement: " The value of the real estate of the deceased, not including that specifically disposed of by the will, was, as appears from the inventory returned to the probate office, $1,750. The value of his personal estate, not including the articles of personal property specifically bequeathed, and the notes given up by the will to various legatees, was, including notes supposed to be good, $1,613.33. The amount of debts due from the deceased, including the expenses of his last sickness and funeral expenses, did not exceed the sum of four hundred dollars. The petition to sell the real estate of the deceased represented the whole amount of debts and legacies due from said deceased at $3,400. This $3,400 was made up in this way: The specific pecuniary legacies, which amount to $1,525, were severally increased in proportion to the amount given to each legatee, until this increase or addition amounted, with the $1,525, to $3,400; and this representation was made on the ground that it was the intention of the testator to dispose, by his will, of all his estate, real and personal."

*W. Griswold*, for the appellants, cited Rev. Sts. *c.* 62, § 6; *Smith* v. *Bell*, 6 Pet. 75; *Homer* v. *Shelton*, 2 Met. 194; *Doe* v. *Rout*, 7 Taunt. 79; *Woollam* v. *Kenworthy*, 9 Ves. 137; *Bebb* v. *Penoyre*, 11 East, 160; *Timewell* v. *Perkins*, 2 Atk. 102; 1 Jarman on Wills, 657–662; *Bullard* v. *Goffe*, 20 Pick. 256, 258; *Hayden* v. *Stoughton*, 5 Pick. 536; *Grout* v. *Hapgood*, 13 Pick. 159.

*C. Allen*, for the appellee, cited 6 Cruise Dig. (Greenl. ed.) tit. 38, *c.* 9, § 7; *c.* 10, §§ 69, 81, 82; *Muddle* v. *Fry*, 6 Madd. 270; 1 Jarman on Wills, (Amer. ed.) 658, 664, 665, 669, *& notes;* 4 Kent Com. (6th ed.) 535; *Kellogg* v. *Blair*, 6 Met. 322;

*Godfrey* v. *Humphrey*, 18 Pick. 539 ; *Blagg* v. *Miles*, 1 Story R. 455; Hob. (Amer. ed.) 2, *note ; Roe* v. *Harvey*, 5 Bur. 2638 ; *D'Almaine* v. *Moseley*, 1 Drewry, 629 ; *Morrison* v. *Hoppe*, 4 De Gex. & Smale, 234 ; *Wall* v. *Langlands*, 14 East, 370 ; *Morgan* v. *Morgan*, 6 B. & C. 512 ; *Stokes* v. *Salomons*, 9 Hare, 75 ; *Cliffe* v. *Gibbons*, 2 Ld. Raym. 1324 ; *Montague* v. *Montague*, 15 Beav. 565 ; *Hardacre* v. *Nash*, 5 T. R. 716 ; *Hope* v. *Taylor*, 1 Bur. 268 ; 2 Hilliard on Real Property, (3d ed.) 575.

SHAW, C. J.   The decree of the judge of probate allowed the executrix to sell the whole of the real estate, meaning, we presume, the whole embraced in the inventory, not being specifically devised, on the ground that, by force of the additional clause in the will, each of the money legacies mentioned in the fore part of the will should be increased in proportion, so as to take up the whole estate of the testator.   This is the decree appealed from.

It is, in the first place, contended that the clause under the " N. B." is explanatory only, and no part of the will ; but there seems no color for this objection.   It is true that it is explanatory, and in addition to the foregoing ; but it is authenticated in like manner, and is executed in precise conformity with the statute of wills.   Rev. Sts. *c.* 62, § 6. . It certainly is no objection to an instrument, that it appears to have been twice executed and attested in due form of law.

What then is the legal effect of this clause ?   It is true that the court will so construe a will as not to disinherit the heirs, unless, from the whole will, the intention of the testator to do so is clear.   But the court are of opinion that the testator did intend to dispose of his whole estate, real as well as personal, and not to die intestate.   There are no words limiting the personal estate only, as the fund for the payment of legacies ; nor does he devise the real estate over.   Then, by force of the general law, the undevised real estate is a fund for the payment of specific legacies, and liable to be sold under license for that purpose.   It could not therefore have been the intent of the testator, that the pecuniary legacies should abate, if there was estate enough, real and personal, to pay them.

In the alternative clause in the supplement, as well as in the body of the will generally, he makes no distinction between real and personal property, but uses terms which, in their ordinary import, carry both, such as " my property," " my estate," " my whole estate." If the whole is to pass by the will, nothing is left to pass by descent, and he does devest the rights of the heirs at law.

In the commencement of this clause, the word " if " is probably omitted ; but the sense is the same ; the second branch of the alternative shows the effect of the first. The words " property " and " estate," in the two branches of the alternative, are precisely equivalent ; and as the second assumes, hypothetically, that there might be more property than sufficient to pay all the debts and legacies, he could not have intended to say absolutely in the first branch that he had not property enough to pay all the debts and legacies. The will then goes on to provide that, if there shall be more estate than sufficient to pay debts and legacies, the preceding legacies shall be enlarged proportionally, so as to include his whole estate.

When the words " property " and " estate " have been held to be limited to personal, we think it has been where there were qualifying words, or where these general terms were so connected or mixed with words expressing only things personal, as to limit their meaning. Such was the ground of decision in *Bullard* v. *Goffe*, 20 Pick. 252. Here the enlarged legacies are not given by implication, but in express terms.

The gifts of notes and debts to children, we think, were principally intended to release advances and forgive debts, and were loosely denominated gifts ; yet they are to be deemed legacies, in this additional clause, and then the increase is to be computed on them as pecuniary legacies given.

So far altering the decree as to limit the license to the estate inventoried, excluding the estate in Athol specifically devised, we think the decree of the judge of probate in other respects must be affirmed.